UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

THOMAS ADAMS

Plaintiff(s)

1:16-cv-03868
Judge Charles P. Kocoras
Magistrate Judge Michael T. Mason

**RECEIVED**

v.                    MAR 3 0 2016

Case No.0120160121

Agency No: ARRIA15MAY02088

THOMAS G BRUTON
ERIC FANNING    CLERK, U S DISTRICT COURT Date: March 28, 2016
ACTING SECRETARY
DEPARTMENT OF ARMY
AGENCY

Defendant(s)

Complainant, I Thomas Adams hereby submits a brief in support of my civil suit on the above referenced matter.

(1) Introduction.

On May 27, 2015, I initiated an informal contact with an Army EEO counselor. Prior to that date, I initiated inform contacts with EEO officers, beginning in 2012, but prior to July 21, 2015, I never received notice of the deadline to file a formal complaint. On July 21, 2015, I received a notice that I had the right to file a formal complaint within 15 days of the receipt of the notice. On August 3, 2015, I filed a formal complaint with the Army EEO office at the Rock Island Arsenal. On August 18, 2015, the Agency issued its dismissal letter, without conducting an investigation or hearing. The stated reason for dismissal was the alleged failure of the Complainant to initiate contact with an EEO counselor within 45 days of the date of alleged discriminatory actions. The Agency's dismissal letter concedes that Adams had "brief visits with EEO counselors" beginning in 2012, but these visits "were information-only meetings where I indicated I was not initiating a complaint; thus no counseling resulted from these meetings.

(2)    Effective Date or Reasonable Suspicion

As already discussed, EEOC Regulation 29 C.F.R. § 1614.105(a)(l) requires that complaints of discrimination should be brought to the attention of the EEO Counselor within forty-five (45) days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within forty-five (45) days of the effective date of the action. EEOC frequently reverses agencies because of a failure to count the 45-day period from the effective date of a personnel action, even if the complainant was notified of the impending action in advance. For example, ongoing pay discrepancy.

However, sometimes complainants do not develop a reasonable suspicion of discrimination until after the effective date of a personnel action. In that case, the agency may extend the 45-day period. Thus, the time limitation is not triggered until a complainant reasonably suspects discrimination has occurred. See Complainant v. Department of the Navy, EEOC Request No. 05970852 (February 11, 1999). The Commission will look at what, if anything, a complainant has learned between the date of the original incident and the event which first triggers the complainant's suspicion in making a determination as to whether the complainant meets the "reasonable suspicion discrimination within the filing period. See for example, Complainant v. United States Postal Service, EEOC Appeal No. 0120111817 (March 29, 2012).

(4) Unfamiliarity with EEO Complaint Process

EEOC Regulation 29 C.F.R. § 1614.604(c) provides that the time limits in the federal EEO complaint process are subject to waiver, estoppel and equitable tolling by both the agency and the EEOC. There are many other reasons why a time limitation period should be extended, most commonly because the complainant was unfamiliar with the EEO complaint process. See for example, Complainant v. Department of the Army, EEOC Appeal No. 0120120759 (May 1, 2012) (Complainant's delay should be excused when EEO counselor advised her to first go to another office).

EEOC Regulation 29 C.F.R. § 1614.105(a)(2) specifically provides for extensions of time where the complainant shows s/he was not notified of the relevant time limits and was not otherwise aware of them. Agencies have the burden of providing evidence in the record supporting dismissal decisions such as affidavits attesting to EEO posters in complainant's work area or training records showing complainant was notified of EEO complaint limitation periods. See for example, Complainant v. Department of Veterans Affairs, EEOC Appeal No. 0120120084 (March 21, 2012). Even with such evidence, a dismissal may be reversed. For example, in Complainant v. Department of the Army, EEOC Appeal No. 0120081802 (May 15, 2008), the Commission reversed even though complainant had received EEO training because she was a minor child at the time of the incidents that formed the basis of her complaint and there was no evidence that her parents, who were her legal guardians, had any knowledge of the time frames for EEO processing.

3.     Evidence.

The Formal Complaint of Discrimination dated August 3, 2015 contains five Claims, which are stated, I did not receive any notice of deadlines to file a formal complaint until July 21, 2015.

(a)     Claim 1: Reasonable Accommodation of Disability.

1.     Army's Failure to Follow Reassignment Procedures

This reasonable accommodation claim is composed of three sub-claims. This claim began as a request to accommodate a cervical injury. His physician in February, 2013 restricted him from no more than 30 minutes sitting continuously. In March, 2013, I requested reasonable accommodatic for his cervical disability, and I was reassigned from a manual labor WG-08 position in the Joint Manufacturing Technology Center (JMTC) to a production clerk GS-4 position in April, 2013. This is data entry job.

 February 2014 was for a cooler office temperature and sufficient ventilation. On February 18, 2014, I asked for an appointment with Mr. Themas.  I asked Mr. Themas to contact Ms. Ausborn about the accommodation packet I had personally handed him. I emailed Ms. Ausborn on February 20, 2014, PX 13, asking her if she heard from Mr. Themas. I was asking Ms. Ausborn for help to get this accommodation request enforced. I received no final decision or notice of right to file a formal complaint until July 21, 2015.

(c)     Pay Retention Claim. This is a pay retention claim because I had not been receiving a 1% cost of living increase since he took the Production Clerk position. I had been receiving only a .5% cost of living increase. I disagree that Peggy Holvoet told me that I would be entitled to only 50% c his COLA at any time before I accepted the Production Clerk position. She gave me a deadline to accept the Production Clerk position immediately on March 28, 2013. PX 14. She told me about th 50% reduction the same day I had to accept the offer, at the risk of losing his OWCP medical benefits. (PX 15) I was under duress to accept the position. I had no time to get clear guidance to his question about my entitlement to the COLA. Only after I accepted the position did I get a complete answer from Jewel Cole, DCPAS Compensation & Pay Division, on December 4, 2013. I realized in March 2015 that I was getting just .5% cost of living increased I immediately contacted my attorney.

(d)     Reprisal Claim. This is a reprisal claim against my supervisor, Travis Themas, because of my handicaps and requests for accommodation, and showing favored treatment toward other co-workers. I requested immediate transfer to another command. On February 19, 2014 with Mr. Themas, I handed Mr. Themas the accommodation request to correct the cooling and ventilation (Claim 2). From February, 2014 through June, 2014, Themas refused to accommodate my heat and ventilation problems. On June 24, 2014 and July 15, 2014, I complained to Themas that my workload, requiring continuous sitting, was causing increased pain and numbness in his neck, back and left arm and hand. I told Themas in these meetings that I felt uncomfortable about bringing up complaints, because there was no accommodation in the past.

Themas's response was to increase my workload twice, in October, 2014 and February, 2015, in spite of my complaint of increased pain and numbness. Themas told me in July, 2014 that I might consider transferring to a GS 5 office assistant position, but I refused that suggestion because the office assistant position would require continuous sitting and continuous clicking on a keyboard that aggravates my disabilities. In July, 2014, Themas told me that if I had difficulty sitting, that I should walk in the hallway outside his office area. That is embarrassing and a uncomfortable feelin to say the least!

 Themas discriminated against me in favor of women in office who received special treatment. Torrie Minnis was moved to her brother's office, (Roy Minnis 3rd shift Branch Chief), to avoid proximity to female co-workers, but Themas denied my request for an old office to accommodate my blood pressure and body temperature disabilities. Themas allowed Ruth Castel to have the temperature very hot in the room where I worked.

I also claim reprisal against Henry Ybarra, a supervisor in another department, because of his ADA accommodation activity. On October 21, 2013, Adams was walking through Ybarra's department to the locker room as part of his walking exercise to alleviate his back and neck pain. One of Ybarra's employees told Ybarra in a morning meeting that people from other departments were socializing with employees in Ybarra's department and was causing a disruption in production. Ybarra asked i it was Adams and Ybarra instructed employees in his department not to socialize with Adams and Adams passes through the department to let him know. I never did any such thing. Tony Briton wil testify that he worked in Ybarra's department and he never saw me going into work areas to socialize and stop production with Ybarra's employees. As well there is a written statement from Jason Miller that I never socialized and stop production. On October 31, 2013, I did contact a Ms. Shirley at EEO, she told me to tell my then supervisor Mr. Kraxner, which I did. No notice to file a complaint was offered.


(e)     Failure to Receive Incentive Award because of Disability. Unlike prior years, I did not receiv an incentive award in the years 2012, 2013 or 2014 and now 2015. My initial contact with an EEO counselor on Claim 5 was September 24, 2012. I received no final decision or notice of right to file formal complaint. Adams did receive an Information Inquiry Summary dated September 25, 2012 (PX 20), which stated: "Matter of concern: incentive awards. Contact Summary: provided information regarding the basis for a complaint on the issues. Mr. Adams wants to keep this confidential." The EEO counselor told me to email Ernest Reschke TACOM Inspector General, whic I did in November, 2012, but Adams received no relief. There was no notification of a deadline to file a formal complaint.

4.    Conclusion.

For the reasons and evidence provide herewith, I Thomas R. Adams respectfully requests that the U.S. courts overturn the Agency's dismissal of his Formal Complaints of Discrimination, reprisal and make a determination in favor of Complainant.

Respectfully submitted,

Thomas R. Adams



JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
THOMAS R. ADAMS

**DEFENDANTS**
ERIC FANNING
ACTING SECRETARY
DEPT. OF ARMY   AGENCY

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   N/A
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
N/A

Attorneys *(If Known)*
N/A

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
      Plaintiff

☐ 3  Federal Question
      *(U.S. Government Not a Party)*

☒ 2  U.S. Government
      Defendant

☐ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                        *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
    Proceeding

☐ 2 Removed from
    State Court

☐ 3 Remanded from
    Appellate Court

☐ 4 Reinstated or
    Reopened

☐ 5 Transferred from
    Another District
    *(specify)*

☐ 6 Multidistrict
    Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
RIGHT TO FILE A CIVIL SUIT
Brief description of cause:
DISCRIMINATION/ REPRISAL

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
300,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD
N/A

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS, 60604

To whom it may concern:                                    March 22, 2016

I received you're response to missing information for my request for a civil suit and request for legal counsel.

I again cannot get my current legal counsel, Douglas Stephens to answer my request for assistance on this matter.

So trying to figure out the information you are requesting, I am just able to go by the documentation I received from EEO Office of Federal Operations. I have enclosed all the information I have received back from their decision.

You asked for case number, judge's name and case tile.

Listed below is all the information I have to give to hopefully satisfy your request.

**CASE NUMBER:**
0120160121

**JUDGE'S NAME:**
Carlton M. Hadden

**CASE TILE:**
Thomas R. Adams, aka,
Judson G.,
Complaint
v.

Eric fanning,
Acting Secretary
Department of the Army.
Agency

This is all the information I have, I seriously do not know if this is correct or not? If this is not correct I ask for a bit of guidance on where and how I can get the information you need. Please contact me in a timely matter as for I believe I only have a short time to file this civil suit.

Thank you so much for your time on this matter. Again if there is more I need to do, please let me know, I am trying to accommodate and learn this process completely on my own.

Thomas R. Adams
3116 Dubuque Street
Davenport, Iowa  52803
PH: 563-343-3752



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Thomas R. Adams, a/k/a,
Judson G.,[1]
Complainant,

v.

Eric Fanning,
Acting Secretary,
Department of the Army,
Agency.

Appeal No. 0120160121

Agency No. ARRIA15MAY02088

DECISION

Complainant filed a timely appeal with this Commission from the Agency's decision dated August 18, 2015, dismissing his complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq. and Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq. For the reasons that follow, we AFFIRM the Agency's final decision.

BACKGROUND

At the time of events giving rise to this complaint, Complainant worked as a Production Clerk, GS-4, at the Agency's U.S. Army Joint Manufacturing and Technology Center in Rock Island, Illinois. Complainant contacted an EEO Counselor and initiated pre-complaint counseling on May 28, 2015, and received notice of his right to file a formal complaint on July 20, 2015. On August 3, 2015, Complainant filed a formal complaint alleging that the Agency subjected him to discrimination on the bases of sex (male), disability (back and neck injury), age (55), and reprisal for prior protected EEO activity under the Rehabilitation Act when:

1. The Agency did not provide reasonable accommodation for his back and neck injury by reassigning Complainant to a position which does not require sitting for long periods of time or by providing an ergonomic chair;

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

2.   The Agency did not provide reasonable accommodation for Complainant's fluctuating body temperature and blood pressure by lowering the office temperature or providing sufficient ventilation;

3.   Complainant has not received a 1% cost of living increase since accepting the position of Production Clerk on March 28, 2013;

4.   Complainant experienced reprisal for requesting reasonable accommodation when he received discriminatory treatment in favor of female employees, was considered for a "dead-end job," his workers' compensation claim was denied, and he was singled out for socializing with employees and disrupting production; and

5.   Complainant did not receive an incentive award in the year 2012.

In the Agency's dismissal, Complainant's claims were restructured from the five listed above into fourteen discrete claims as follows:

a.   On July 22, 2015, Complainant discovered that he was being paid less than two female GS-5 employees who perform the same work;

b.   In July 2015, Complainant's first-line supervisor (S1) did not approve Complainant's request for training;

c.   In December 2014, Complainant was not provided a standing/sitting desk as a reasonable accommodation;

d.   In July 2014, S1 told Complainant that he might consider a GS-5 Office Assistant position;

e.   In July 2014, S1 told Complainant that if he has difficulty sitting he should walk in the hallway outside his office;

f.   From February 2014 through June 2014, S1 did not grant Complainant's request for accommodation for heat and ventilation problems;

g.   In February 2014, Complainant's request for a cooler office temperature and sufficient ventilation was not granted;

h.   On October 21, 2013, a supervisor in another department advised employees of that department not to socialize with Complainant;

i.   Since April 2013, Complainant has received a 0.5% cost of living increase instead of a 1% cost of living increase;

j.   In April 2013, Complainant was transferred from a manual labor GS-11[sic][2] position to a Production Clerk GS-4 position;

k.   On an undetermined date prior to his April 2013 transfer to a Production Clerk position, Complainant's former supervisor and a workers' compensation specialist sought to place Complainant in a dead-end job that would not utilize his skills and background;

l.   His March 6, 2013 request for an ergonomic chair was not granted;

m.   In 2012 he did not receive an incentive award; and

---

[2] The record shows that in 2013 Complainant was transferred from an Equipment Installer, WG-08, position, pursuant to the OWCP process.

n.     On an undetermined date, another of Complainant's former supervisors attempted to deny Complainant's workers' compensation claim.

The Agency did not make a determination regarding claims a and b, stating that these claims had not been counseled and thus a determination on acceptance or dismissal of these claims could not be made. The Agency referred Complainant to an EEO Counselor for counseling on claims a and b. The remaining claims (c through n) were dismissed pursuant to 29 C.F.R. § 1614.107(a)(2) for failure to contact an EEO counselor within forty-five (45) days of the alleged discriminatory act as required by 29 C.F.R. § 1614.105(a)(1). The Agency also dismissed claims i, j, k, and n pursuant to 29 C.F.R. § 1614.107(a)(1) for failure to state a claim, noting that these claims relate to Complainant's workers' compensation claim and thus constitute a collateral attack on the Office of Workers' Compensation Programs (OWCP) process, and that prior Commission decisions have barred claims that lodge a collateral attack on another proceeding.

## CONTENTIONS ON APPEAL

Complainant offers no contentions regarding the Agency's decision not to reach a decision regarding two of the fourteen claims that the Agency identified on the basis that these claims were not counseled before Complainant included them in his formal complaint. Complainant contends in his brief that he did make contact with EEO Counselors regarding each allegation of discrimination within 45 days of the act, and thus his claims are not barred by 29 C.F.R. § 1614.105(a)(1).

The Agency contends on appeal that Complainant's communications related to each of his claims do not constitute an initiation of pre-complaint proceedings and thus do not satisfy the 45-day requirement for initial contact with an EEO Counselor. The Agency also reiterates its position that four of the fourteen claims it identified constitute a collateral attack on the OWCP process and thus are not within the purview of the Commission.

## ANALYSIS AND FINDINGS

For the purpose of clarity and consistency, the Agency's deconstruction of Complainant's allegations into fourteen discrete claims will be used in this decision.

**Dismissal of Claims a and b for Lack of Counselor Contact**

The regulation set forth at 29 C.F.R. § 1614.107(a)(2) states, in pertinent part, that an agency shall dismiss a complaint which raises a matter that has not been brought to the attention of an EEO Counselor, and is not like or related to a matter on which the complainant has received counseling. A later claim or complaint is "like or related" to the original complaint if the later claim or complaint adds to or clarifies the original complaint and could have reasonably been expected to grow out of the original complaint during the investigation. See Scher v. U.S. Postal

4                                                                0120160121

Serv., EEOC Request No. 05940702 (May 30, 1995); Calhoun v. U.S. Postal Serv., EEOC Request No. 05891068 (March 8, 1990).

Claim a pertains to Complainant's allegation that he was being paid less than two female employees for performing the same work. Complainant notes in his brief that he discovered the discrepancy in pay on July 22, 2015, two days after the date on his Notice of Right to File Formal Complaint. Claim b pertains to Complainant's allegation that S1 did not approve his requests for training which Complainant states occurred in July 2015, after he initiated contact with an EEO Counselor on May 28, 2015.

Because Complainant does not offer any contention in his brief that these claims should not have been dismissed, and because these issues were later brought before an EEO Counselor in a pre-complaint inquiry concluded on September 23, 2015, the Agency's decision to dismiss these claims from the instant complaint for lack of counselor contact is AFFIRMED.

**Dismissal of Claims c through n for Untimely Contact**

EEOC Regulation 29 C.F.R. § 1614.105(a)(1) requires that complaints of discrimination should be brought to the attention of the Equal Employment Opportunity Counselor within forty-five (45) days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within forty-five (45) days of the effective date of the action. The Commission has adopted a "reasonable suspicion" standard (as opposed to a "supportive facts" standard) to determine when the forty-five (45) day limitation period is triggered. See Howard v. Dep't of the Navy, EEOC Request No. 05970852 (February 11, 1999). Thus, the time limitation is not triggered until a complainant reasonably suspects discrimination, but before all the facts that support a charge of discrimination have become apparent.

A complainant satisfies the criterion of Counselor contact by contacting an agency official logically connected with the EEO process, even if that official is not an EEO Counselor, and by exhibiting an intent to begin the EEO process. See Cox v. Dep't of Housing and Urban Development, EEOC Request No. 05980083 (July 30, 1998); Allen v. U.S. Postal Serv., EEOC Request No. 05950933 (July 9, 1996).

In this case, Complainant initiated pre-complaint counseling with an EEO Counselor on May 28, 2015. Complainant's brief does not argue that any acts of discrimination occurred within 45 days prior to May 28, 2015, but Complainant contends that he did make contact with officials regarding his claims within 45 days of their occurrence. However, many of the communications on which Complainant bases this contention were not with officials involved in the EEO process but rather to Complainant's supervisor or his attorney. Further, the documentation offered by Complainant recording his contact with EEO officials indicates that these were informational contacts and do not demonstrate that he expressed an intention to initiate the complaint process. Thus, the Agency's dismissal of Complainant's claims for untimely EEO Counselor contact is AFFIRMED.

5                                                              0120160121

**Dismissal of Claims i, j, k, and n for Failure to State a Claim**

Dismissal of an EEO complaint is appropriate where the complainant is attempting to lodge a collateral attack on another proceeding. See Wills v. Dep't of Def., EEOC Request No. 05970596 (July 30, 1998); Kleinman v. U.S. Postal Serv., EEOC Request No. 05940585 (Sept. 22, 1994); Lingad v. U.S. Postal Serv., EEOC Request No. 05930106 (June 25, 1993). For example, a complainant cannot use the EEO complaint process to challenge actions which occurred within the U.S. Department of Labor Office of Worker's Compensation Programs (OWCP) adjudicatory process for workers' compensation claims. Janiece H. v. U.S. Postal Serv., EEOC Appeal No. 0120160070 (Jan. 8, 2016).

Here, Complainant was reassigned to the position of Production Clerk after he filed a workers' compensation claim with the OWCP. Claims i, j, and k concern Complainant's reassignment, and Claim n concerns the actions of his former supervisor while Complainant's workers' compensation claim was being processed. Thus, these claims cannot be brought under the EEO complaint process and must remain within the purview of the OWCP. The Agency's dismissal of these claims for failure to state a claim therefore is AFFIRMED.

CONCLUSION

Based on a thorough review of the record and the contentions on appeal, including those not specifically addressed herein, we AFFIRM the Agency's final decision.

STATEMENT OF RIGHTS - ON APPEAL<br>RECONSIDERATION (M0815)

The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tend to establish that:

1.    The appellate decision involved a clearly erroneous interpretation of material fact or law; or
2.    The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 77960, Washington, DC 20013. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the

6                                                        0120160121

expiration of the applicable filing period.  See 29 C.F.R. § 1614.604.  The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request.  Any supporting documentation must be submitted with your request for reconsideration.  The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances.  See 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision.  If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title.  Failure to do so may result in the dismissal of your case in court.  "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint**.

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

FEB 0 3 2016
Date

7                                                    0120160121

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed**. I certify that this decision was mailed to the following recipients on the date below:

Thomas R. Adams
3116 Dubuque St
Davenport, IA 52803

B. Douglas Stephens, Esq.
1800 - 3rd Ave
#305
Rock Island, IL 61201

Department of the Army
Director, EEO Compliance and Complaints Review, (EEOCCR)
ATTN: SAMR-EO-CCR (Spurgeon A. Moore)
5825 21st Street, Bldg 214, Room 129
Fort Belvoir, VA 22060-5921

**FEB 0 3 2016**

Date

Compliance and Control Division

ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION
of the
SUPREME COURT OF ILLINOIS



## REQUEST FOR INVESTIGATION

Use this form to request an investigation of:
1) an Illinois lawyer;
2) a non-Illinois lawyer who has provided legal services in Illinois; or
3) a non-lawyer who you are claiming has engaged in the unauthorized practice of law in Illinois.

Return the completed form by mail or facsimile to:

| ARDC | | ARDC |
|---|---|---|
| 130 E. Randolph Dr., Ste. 1500 | | 3161 W. White Oaks Dr., Ste. 301 |
| Chicago, IL 60601-6219 | or | Springfield, IL 62704 |
| Phone: (312) 565-2600 or (800) 826-8625 | | Phone: (217) 546-3523 or (800) 252-8048 |
| Fax: (312) 565-2320 | | Fax: (217) 546-3785 |

1. Your name: **THOMAS R ADAMS**

Street address: **3116 DUBUQUE STREET**

City: **DAVENPORT**          State: **IOWA**                Zip: **52803**

Home phone:              Work phone:                Cell phone: **563-343-3752**

E-mail address: **t.adams06@yahoo.com**

2. Name of lawyer/person you want to be investigated: **DOUGLAS STEPHEN**

Name of law firm or business: **QC LAW OFFICE**

Street address: **1800 3RD AVENUE**

City: **ROCK ISLAND**          State: **ILLINOIS**          Zip: **61201**

Phone: **309-794-9970**

E-mail address: **qclawoffice@gmail.com**

3. Have you previously contacted the ARDC regarding this matter?   Yes ☐   No ☒

If yes, when and how did you contact us?

4. Did you employ the lawyer/person you are complaining about:   Yes ☒   No ☐

4a. If you answered yes to question 4:

When did the employment start? **MARCH 2015**

What was the fee agreement?

**first $750.00 retainer plus contingency then another $500.00 plus same contingency**

How much have you paid the lawyer/person to date? **1250.00**

4b. If you answered no to question 4 what is your connection to the lawyer/person?

*Copy*

5. If your request relates to a court case or other proceeding, please provide the following:

Name of court or agency: **FEDERAL EEO CASE AGAINST THE U.S ARMY**

Name of case: **THOMAS R ADAMS VS U.S. ARMY**

Case number: **ARRIA15MAY0288**

6. Please explain your complaint(s). Include important dates and names of witnesses and others involved. Use additional pages if necessary. Attach copies of documents that support your complaint, such as fee agreements, receipts, checks, letters and court papers.

I HIRED DOUG STEPHEN IN MARH, 2015. I HAVE BEEN DEALING WITH REPRISAL AND DISABLITY DISCRIMINATION AT MY WORK PLACE, JMTC, ROCK ISAND, ILLINOIS.

I DO NOT HAVE MUCH MONEY TO SPEND, SO I HIRED MR. STEPHEN BECAUSE OF THE LOWER HOURLY RATE HE CHARGED ME.

I NOTICED RIGHT AWAY HOW IN A TENATIVE, CONFUSED, NOT SEEMING TO UNDERSTAND AT ALL WHAT I WAS TRYING TO GET ACCROSS TO HIM, SHOOTING EMAILS, LETTER FROM THE HIP, NOT LISTENING, NOT EVEN READING MY EMAILS OR DOCUMENTS. ALWAYS PROCRASTINATING, UNORGANIZED, WRITING UP SOMETHING THAT I HAVE TO BRING TO HIS ATTENTION AND MAKE SURE HE WOULD FIX IT. SOMETIMES, NOT EVEN CORRECTING WHAT I ASKED.
THERE ARE DAYS ON DAYS I WOULD NOT HEAR BACK FROM HIM, EITHER BY PHONE OR EMAIL. HE WOULD SAY HE DID THINGS AND HE HAD NOT.
SEVERAL TIMES USING THE EXCUSE OF I WAS IN COURT OR THAT "I" AM NOT HIS ONLY CLIENT!
HE WOULD ALWAYS TELL ME WE NEED TO MEET AT HIS OFFICE, WHEN I WOULD GET THERE, HE HAD NOT STARTED ONE THING ON MY CASE, ALWAYS RELYING ON ME TO GIVE HIM INFORMATION AND SOMETIMES WHAT TO WRITE. HE NEVER DID HIS HOME WORK FIRST.
WE HAD ONE COMBINED COMPLAINT THAT WAS DISMISSED BY EEO AND I AM WANTING TO FILE A CIVIL SUIT ON THAT. ALSO HAD ONE SETTLEMENT BUT I R3EVOKED PLUS TWO MORE ON GOING.
BEFORE I SIGNED THE SETTLEMENT OF ONE CASE, MR. STEPHENS TOLD ME I CAN REVOKE IT ALL, BUT LATER THAT WAS NOT TRUE. I REVOKED ONLY AFTER THE U.S ARMY COULD NOT COME THROUGH ON THE OFFER AND I HAD TO WRITE UP THE REVOCATION, HE WOULD NOT ANSWER ME TO WRITE IT UP. HE ALSO MISSED NOT SENDING IN THE COUNTER OFFER, I SIGNED FOR HIM AND SUBMITTED IT MYSELF.
I DO NOT WANT HIM REPRESENTING ME ON THIS ON GOING CASES, BUT I HAVE NOTHING ELSE I CAN DO, I CAN NOT AFFORD ANOTHER ATTORNEY.
I AM GOING TO REQUEST A COUNSELOR FROM THE DISTRICT COURT. I HAVE ATTACHED SOME DOCUMENTS FOR YOUR REVIEW.

Signature: _____  Date: 3-8-16